## Fred Ziegenhein et al. v. Thomas Staiger.

GENERAL ISSUE—*what defense not admissible under.* The defense
of breach of warranty is not admissible under the general issue.

Trespass. Appeal from the City Court of East St. Louis; the
Hon. W. J. N. MOYERS, Judge, presiding. Heard in this court at
the August term, 1906. Reversed and remanded. Opinion filed
March 15, 1907.

ALEX. FLANNIGEN and B. H. CANBY, for appellants.

WEBB & WEBB, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was an action of trespass on the case by appellee
against appellants. The declaration sets forth that on August 4, 1904, appellee was the owner and lawfully possessed
of certain household and kitchen furniture and that appellants maliciously intending to extort money from and to injure appellee in his good name and credit and to deprive
him of said goods, appeared before a justice of the peace
and there maliciously and without probable cause, wrongfully and unlawfully instituted an action of replevin and
by virtue of the writ of replevin issued therein, took possession of said goods and chattels; that afterwards in the
Circuit Court, said action of replevin was, upon motion of
appellee, dismissed, and judgment for costs rendered against
appellants, and a writ of *retorno habendo* awarded appellee,
from which judgment no appeal has ever been perfected;
that said suit is now fully disposed of and appellants have
failed to make return of said goods.

Appellants filed a plea of the general issue and also a
special plea, setting up that the replevin suit was dismissed
for want of prosecution; that the merits were not determined in said action; that on December 8, 1902, Morris
Sternberger and appellants were a co-partnership under the
name of Ziegenhein Furniture Company, engaged in the

business of selling furniture on the installment plan, and on that date sold the goods and chattels in question to appellee, taking his note, secured by mortgage on the property sold, for $193.10, providing for semi-monthly payments of $6.25, and that in case of default in the making of payments, the company could declare the whole amount due, take possession of the goods wherever found and sell the same at public or private sale, to satisfy the amount due and costs of sale; that on June 5, 1904, five installments of said note were due and wholly unpaid; that on March 31, 1904, Morris Sternberger sold out all his interest in the firm to appellants, and transferred the same to them and thereby they became the sole owners of the note and mortgage in question; that on August 4, 1904, the whole sum due and unpaid was $35 and that appellants were then lawfully entitled to the possession of the property.

To this plea, appellee filed a replication, stating that in consideration of the purchase of certain articles of furniture and stove and range for $193.10 and the delivery of the note and mortgage for that amount, appellants warranted all said articles to give entire satisfaction, and as to said range, they warranted the same to be good for all cooking and baking purposes, and to remain so for a period of ten years, and that if plaintiff should become dissatisfied with the same, they would take the range back and credit his account with the sum of $38; that said range, at the time of making said warranty and until the time said goods were seized, was not fit for baking or cooking; that appellants did not regard their warranty and agreement, and did not take back the range. Afterwards, appellee by leave of court, withdrew this replication, and took issue by writing, "traverse and issue" on the plea. There was a trial by jury on the issues thus formed by the pleading, resulting in a verdict and judgment in favor of appellee for $600.

On the trial it was shown there was a default in the payment of the note, according to its terms, and that there were several installments due and unpaid at the time the replevin suit was brought; that Morris Sternberger, then a member

of the firm, consulted an attorney in regard to the course to pursue to collect the debt, and was advised by the attorney to make a demand for the money or the goods and that if appellee did not comply to bring suit in replevin; that he made the demand and brought the suit under the advice of the attorney. It is very doubtful whether appellee was entitled to recover a judgment against appellants, under the facts disclosed by the record in this case, but waiving that question the judgment cannot be permitted to stand for another reason.

On the trial the court, against the objection of appellants, permitted appellee to introduce evidence as to the warranty of the range and whether the warranty was broken or fulfilled. After the special replication in which appellee set up the alleged warranty was withdrawn, the only questions that could be tried were those which arose upon the general issue, appellants' special plea and appellee's traverse of the latter. These pleadings did not raise the question of the warranty of the range and it was improper for the court, upon objection being made by appellants, to admit evidence upon that subject.

The judgment of the court below will therefore be reversed and the cause remanded.

*Reversed and remanded.*